FILED
CLERK, U.S. DISTRICT COURT

NOV 2 2 2016

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMED OSMANN-MUHAMUD, | ) No. CV 16-5705 SVW (FFM) |
| Petitioner, | ) **ORDER DISMISSING PETITION WITHOUT PREJUDICE AS MOOT** |
| v. | ) |
| JEH C. JOHNSON, et al., | ) |
| Respondents. | ) |

## I. PROCEDURAL HISTORY

On or about August 1, 2016, Petitioner Ahmed Osmann-Muhamud ("Petitioner"), a person in custody of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody, pursuant to 28 U.S.C. § 2241 (the "Petition"). (Dkt. 1.) The Petition requests that the Court order Petitioner's immediate release because his continued detention violates 8 U.S.C. § 1231 as interpreted by *Zavydyas v. Davis*, 533 U.S. 678 (2001). (*See generally* Dkt. 1.) On October 2, 2016, Respondent filed a Return to the Petition (the "Return") arguing that the Petition should be denied. (Dkt. 8.) Petitioner filed a Traverse on November 1, 2016. (Dkt. 9.)

/ / /

1

On November 10, 2016, Respondent indicated that Petitioner had been released from ICE custody on November 8, 2016. (Dkt. 10.) Respondent suggested that Petitioner's release rendered his sole claim moot. (*Id.*) On November 13, 2016, Petitioner filed a notice of non-opposition to Respondent's suggestion of mootness. (Dkt. 11.)

## II. DISCUSSION

A.   Petitioner's Claim Is Moot.

Article III of the Constitution "limits the jurisdiction of the federal courts to live cases and controversies." *Kittel v. Thomas*, 620 F.3d 949, 951 (9th Cir. 2010) (citations omitted). An actual case or controversy exists when, throughout the litigation, a petitioner continues to have a "personal stake" in the action that can be "redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). When, because of events that occur after a case is initiated, a court cannot give any effectual relief in favor of the petitioner, the proceeding becomes moot. *Calderon v. Moore*, 518 U.S. 149, 150 (1996). Consequently, "habeas petitions [that] rais[e] claims that were fully resolved by release from custody" are moot. *Abdala v. I.N.S.*, 488 F.3d 1061, 1065 (9th Cir. 2007). Because mootness is a jurisdictional bar, moot petitions should be dismissed. *Kittel*, 620 F.3d 949, 951–52.

Here, Petitioner has already received the requested relief — he has been released from custody. Thus, his claim is moot because it can no longer be "redressed by a favorable judicial decision." *See Kemna*, 523 U.S. at 7. Accordingly, the Petition should be dismissed unless an exception to the mootness doctrine applies.

B.   No Mootness Exception Applies.

There are several exceptions to the mootness doctrine. Relevant herein is voluntary cessation.[1] The voluntary cessation exception "has been interpreted to apply

---

[1] The other exceptions to mootness are for (1) wrongs that are capable of repetition yet evading review; (2) collateral legal consequences; and (3) class actions

generally in cases in which a type of judgment with continuing force, such as an injunction, is sought. *Armster v. U.S. District Court for the Central District of California*, 806 F.2d 1347, 1357 (9th Cir. 1986). "Such cases do not become moot 'merely because the [defendant's] conduct immediately complained of has terminated, if there is a possibility of a recurrence which would be within the terms of a proper decree.'" *Id.* (quoting P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, Hart & Wechsler's The Federal Courts and the Federal System 110 (2d ed. 1973)). Here, the relief sought was the release from custody. That relief has been attained. No injunction would have been appropriate in any event. Therefore, the voluntary cessation exception does not apply.

As no mootness exception applies, the Petition should be dismissed as moot.

### III. CONCLUSION

Based on the foregoing, the Petition is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: 11/22/16

STEPHEN V. WILSON
United States District Judge

Presented by:

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge

---

where the named party ceases to represent the class. *In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005). None of these exceptions applies in this case. This action is not a class action. Moreover, it is not capable of repetition yet evading review because the alleged improper detention defies rapid termination. Finally, there are no continuing legal implications of the challenged conduct that would warrant injunctive relief. *See id.* at 998-99.